**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Wimo Labs, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. ) |
| Hub Pen Company, Inc. and HALO Branded Solutions, Inc., | ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiff Wimo Labs, LLC files this Complaint against Defendants Hub Pen Company, Inc. and HALO Branded Solutions, Inc. and alleges as follows:

**PARTIES**

2. Plaintiff Wimo Labs, LLC ("Wimo") is a Delaware limited liability company having its principal place of business at 1621 Alton Parkway, Suite 150, Irvine, California 92606.

3. Upon information and belief, Defendant Hub Pen Company, Inc. ("Hub") is a Massachusetts corporation having its principal place of business at 1525 Washington Street, Suite 1, Braintree, Massachusetts 02184.

4. Upon information and belief, Defendant HALO Branded Solutions, Inc. ("HALO") is a Delaware corporation having its principal place of business at 1980 Industrial Drive, Sterling, Illinois 61081.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Hub because, upon information and belief, Hub engages in regular and substantial business in and has systematic and continuous dealings within this District related to the subject matter of the patent infringement claims alleged in this Complaint. This includes selling infringing products to customers in this District, including HALO.

7. This Court has personal jurisdiction over HALO because, upon information and belief, HALO engages in regular and substantial business in and has systematic and continuous dealings within this District related to the subject matter of the patent infringement claims alleged in this Complaint. HALO's principal place of business is located in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

9. Wimo is the owner by assignment of United States Patent No. 9,092,077 B2 (the '077 Patent) entitled "Writing Device Having Writing Tip and Stylus Tip," which was duly issued on July 28, 2015. A true and accurate copy of the '077 Patent is attached as Exhibit 1.

10. The '077 Patent issued from United States Patent Application No. 14/500,206 (the '206 Application), which published as United States Patent Application Publication No. 2015/0015523 A1 (the '523 Publication) on January 15, 2015. Other than renumbering and incorporation of base claims, the claims of the '077 Patent have substantially identical equivalents in the '523 Publication.

11. Hub has been and is now making, using, offering for sale, selling, or importing into the United States styli having retractable writing instruments that infringe at least Claim 1 of the '077 Patent. These styli include at least the following models: 585 MaxGlide Click®

Metallic Stylus, 391 Janita™ Chrome Stylus, 390 Janita™ Metallic Stylus, 380 RTX Stylus, 336 Javalina® Chrome Stylus, 337 Javalina® Screen Cleaner Stylus, 332 Javalina® Classic Stylus, 331 Javalina® Metallic Stylus, and 308 Berlineta® Stylus (collectively, the "Accused Devices").

12. Upon information and belief, HALO purchases one or more of the Accused Devices from Hub and has been and is now offering for sale and selling such devices within the United States.

13. Neither Hub nor HALO is authorized by Wimo to offer for sale, sell, or import the Accused Devices within or into the United States.

14. Hub received actual notice of the '523 Publication on or about July 2, 2015 and yet continued offering for sale and selling the Accused Devices without any attempt at modification. Having done so, Hub violated Wimo's provisional rights prior to issue, and proceeds to willfully infringe the now-issued '077 Patent.

## COUNT I
**(Hub's Infringement of the '077 Patent)**

15. Wimo re-alleges and incorporates by reference Paragraphs 1 to 14.

16. Hub has been and is now making, using, offering for sale, selling, or importing into the United States styli having retractable writing instruments that infringe at least Claim 1 of the '077 Patent in violation of 35 U.S.C. § 271(a).

17. Hub's acts of infringement have violated Wimo's provisional rights since Hub received notice of the '523 Publication on or about July 2, 2015.

18. Hub's acts of infringement have been willful since it had knowledge of the '077 Patent as of its issue date and nevertheless continues its infringing actions with reckless disregard of the rights created by the '077 Patent.

19. Hub's continued infringement of the '077 Patent has damaged and will continue to damage Wimo.

20. Hub's infringement of the '077 Patent has irreparably harmed Wimo. Unless and until this Court enjoins Hub, Wimo will continue to suffer irreparable damage and injury for which it has no adequate remedy at law.

## COUNT II
### (HALO's Infringement of the '077 Patent)

21. Wimo re-alleges and incorporates by reference Paragraphs 1 to 14.

22. Upon information and belief, HALO has been and is now offering for sale or selling one or more of the Accused Devices that infringe at least Claim 1 of the '077 Patent in violation of 35 U.S.C. § 271(a).

23. HALO's continued infringement of the '077 Patent has damaged and will continue to damage Wimo.

24. HALO's infringement of the '077 Patent has irreparably harmed Wimo. Unless and until this Court enjoins HALO, Wimo will continue to suffer irreparable damage and injury for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Wimo requests the following relief:

A. The entry of a judgment that Hub and HALO have infringed the '077 Patent;

B. The entry of a judgment that Hub has infringed Wimo's provisional rights in the '077 Patent;

C. The entry of a permanent injunction enjoining Hub and HALO and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches,

subsidiaries, parents, and all others acting in concert with them or participating with them from further infringement of the '077 Patent;

D. An award to Wimo of damages adequate to compensate Wimo for Hub and HALO's infringement, but not less than a reasonable royalty pursuant to 35 U.S.C. § 284;

E. An award to Wimo of a reasonable royalty pursuant to 35 U.S.C. § 154(d) resulting from Hub's infringement of Wimo's provisional rights in the '077 Patent;

F. A declaration that Hub's infringement is willful and an award of treble damages pursuant to 35 U.S.C. § 284;

G. An award to Wimo of interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

H. An order finding that this is an exceptional case and an award to Wimo of its reasonable costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I. Any other relief as this Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Wimo demands a trial by jury.

Dated: September 24, 2015 Respectfully Submitted,

s/ Kevin C. May
Kevin C. May
Mike R. Turner
Kevin J. Cukierski
Neal, Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Tel: (312) 269-8000
kmay@ngelaw.com
mturner@ngelaw.com
kcukierski@ngelaw.com

Attorneys for Plaintiff
Wimo Labs, LLC

21807319.4