IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WIMO LABS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 8424 |
| | ) | |
| HUB PEN COMPANY, INC. and | ) | |
| HALO BRANDED SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Despite the clear mandate of this District Court's LR 5.2(f) that calls for the delivery of a paper copy of a newly-filed complaint (as well as of all later filings) for the assigned judge's use within one business day after filing, the firm representing plaintiff Wimo Labs, LLC ("Wimo") allowed two weeks to elapse after the September 24 filing of this patent infringement action without giving heed to that LR. This Court learned of the existence of this lawsuit only through one of its periodic printouts of the Clerk's Office's records reflecting new case filings assigned to its calendar, and it then issued an October 7 memorandum order that called for delivery of the Complaint plus a $100 fine. That memorandum order produced swift -- indeed, same day! -- results, so that this Court has now had the opportunity to review the Complaint.

That scrutiny has prompted this second sua sponte memorandum order, which poses an obvious question about Wimo's (or perhaps its law firm's) choice of forum. It is obvious that the real dispute here is between patentee Wimo, a Delaware LLC with its principal place of business in Irvine, California (Complaint ¶ 1), and Hub Pen Company, Inc. ("Hub"), a competing manufacturer with both facets of its corporate existence (its state of incorporation and its principal place of business) sited in Massachusetts (Complaint ¶ 3). So the hook that Wimo's

counsel have relied on for bringing this lawsuit in this Northern District of Illinois is the addition of codefendant HALO Branded Solutions, Inc. ("HALO"), a Delaware corporation with its principal place of business in Sterling, Illinois (Complaint ¶ 4) -- and that supposedly does the job because HALO is alleged to be a Wimo customer that buys some of the assertedly infringing Hub products.

Under the circumstances the institution of this action in this Illinois judicial district would seem to raise possible questions under the special venue provisions of 28 U.S.C. § 1400(b) regarding patent infringement lawsuits. Accordingly, before going further with the action this Court sets an initial status hearing date of 8:45 a.m. October 20, 2015, at which time Wimo's counsel is expected to come prepared to discuss the issue addressed here. In that regard it would be much appreciated if on or before October 16 counsel will file (coupled with the delivery of a paper copy to this Court's chambers) a list of citations (without an accompanying memorandum) to any cases on which counsel plans to rely.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 8, 2015